UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| Jessica Rosenberg, <br><br> Plaintiff, <br><br> v. <br><br> TrueAccord Corp. <br> c/o Incorp Services, Inc. <br> 901 S. 2nd Street, Suite 201 <br> Springfield, IL 62704, <br><br> Defendant. | Case No. 1:22-cv-00531 <br><br><br> **FIRST AMENDED COMPLAINT** <br><br><br> **Jury Demand Requested** |

Now comes Plaintiff, by and through her attorneys, and here files this First Amended Complaint:

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Plaintiff is a "consumer" as defined in the Fair Debt Collection Practices Act, 15 USC 1692 et seq. ("FDCPA").

5- Plaintiff incurred a "Debt" as defined in the FDCPA.

6- Defendant is a company with its principal office in the State of Kansas.

7- Defendant acquired the Debt after it was in default.

8- Defendant regularly attempts to collects, or attempts to collect, debts that it acquired after the same were in default.

9- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

10- At all times relevant, Defendant was a "debt collector" as defined in the FDCPA.

## FACTS COMMON TO ALL COUNTS

11- On or around August 13, 2021021, Plaintiff's attorney notified Defendant that Plaintiff was represented by an attorney and provided their contact information.

12- Despite having notice of Plaintiff's representation, Defendant thereafter sent at least 2 emails to collect the Debt.

13- By contacting Plaintiff after being notified that she was represented by an attorney, Defendant violated the FDCPA.

14- As a direct and proximate result of the Defendant's actions, Plaintiff suffered actual financial harm and monetary losses.

15- Defendant's misleading statement, directly and proximately, impinged on the Plaintiff's choice how to proceed to respond to the Defendant's collection attempt.

16- As a direct and proximate result of the Defendant's actions, Plaintiff suffered a risk of real harm that was sufficiently concrete, because the harm bears a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in American Courts, including but not limited to invasion of privacy, abuse of process, intentional infliction of emotional distress, negligent misrepresentation.

17- Defendant's actions, directly and proximately, caused undue stress and anxiety for Plaintiff; thereby damaging Plaintiff.

18- Plaintiff detrimentally relied on the Defendant's misleading statement in the communications she received and as a result suffered damages, including but not limited to, confusion, wasted time, annoyance, emotion distress, monetary losses, and informational injuries that satisfy the concreteness requirement for injury in fact of Article III.

## COUNT I

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Defendant violated 15 USC § 1692c(a) by communicating with a consumer despite having notice of Plaintiff's representation.

## COUNT II

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## COUNT III

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT IV

25- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

26- Defendant violated 15 USC § 1692e(5) by threatening action that could not be legally taken or that Defendant did not intend to take.

## COUNT V

27- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

28- Defendant violated 15 USC § 1692e(10) by making false representations during the collection of a debt.

## JURY DEMAND

29- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b.  Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.  Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.  Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

The Litigation Practice Group

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
17542 E. 17th Street, Suite 100
Tustin, CA 92780
Tel: 657-600-9790
Richard@lpglaw.com
*Attorney for Plaintiff*